**SAO**
RAMZY PAUL LADAH
Nevada Bar No. 11405
JOSEPH C. CHU
Nevada Bar No. 11082
LADAH LAW FIRM
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
F: 702.248.0055
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROXANNA VALLE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a foreign corporation; DOE EMPLOYEE; DOES I through XXX, inclusive and ROE BUSINESS ENTITIES I through XXX, inclusive,<br><br>Defendants. | Case No: 2:17-cv-01968-JAD-VCF<br><br><br>**STIPULATION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY**<br><br>**(THIRD REQUEST)** |

Plaintiff, ROXANNA VALLE ("Plaintiff"), and Defendant, HOME DEPOT U.S.A., INC. ("Defendant"), by and through their respective, undersigned counsel, hereby stipulate to and respectfully request an order continuing discovery in accordance with LR 6-1 and LR 26-4. The parties have conferred and agree that an extension of discovery is both necessary and warranted, and that good cause exists therefor. Specifically, the parties are seeking an additional 90 days to complete all discovery in this matter, primarily to accommodate a mediation scheduled to take place on August 6, 2018. This is the parties' third request for an extension of time for discovery.

. . .

. . .

200283

**(a) DISCOVERY THAT HAS BEEN COMPLETED**

Counsel for the respective parties participated in a discovery planning conference pursuant to Rule 26(f). A Proposed Discovery Plan was filed on October 6, 2017.

On November 14, 2017, Defendant served its initial Disclosure of Witnesses and Documents.

On or about November 14, 2017, Defendant served written discovery on Plaintiff, consisting of interrogatories, requests for production of documents, and requests for admissions.

On December 12, 2017, Plaintiff served her initial Disclosure of Witnesses and Documents consisting of about 300 pages of exhibits.

On or about December 12, 2017, Plaintiff served written discovery on Defendant, consisting of interrogatories, requests for production of documents, and requests for admissions.

On December 13, 2017, Plaintiff served responses to requests for admissions.

On February 13, 2018, Plaintiff served her responses to Defendants' remaining discovery.

On March 5, 2018, Defendant produced its First Supplemental Disclosure of Witnesses and Documents.

On March 13, 2018, Defendant served responses to Plaintiff's written discovery.

On May 11, 2018, Defendant took the deposition of Plaintiff.

On June 21, 2018, Plaintiff supplemented her disclosure of witnesses and production of documents with new prior medical records of Plaintiff.

**(b) DISCOVERY THAT REMAINS TO BE COMPLETED**

The parties anticipate that the deposition of Defendant's former Assistant Manager (for the subject store) will be noticed and completed shortly. As necessary, Plaintiff will also depose Defendant's corporate representative(s) pursuant to Rule 30(b)(6).

The parties also expect to retain and disclose expert witnesses as to both liability and medical causation, and those experts will likely be deposed along with one or more of Plaintiff's

treating physicians. All such expert discovery will only be necessary, of course, should this matter fail to settle at the upcoming mediation.

## (c) REASONS DISCOVERY WILL NOT BE COMPLETED WITHIN THE TIME LIMITS SET BY THE DISCOVERY PLAN

As mentioned, the parties have agreed to mediate this matter, and are scheduled to attend mediation on August 6, 2018. The mediation will be conducted by the Honorable Jackie Glass (Ret.). Party counsel has worked together for several weeks to help position this matter for mediation, and, with that objective in mind, the parties have concurrently sought to limit (potentially undue) discovery costs.

In the event that mediation is unsuccessful, the parties will thereafter be well-situated to complete all impending discovery matters in accordance with the below (proposed) discovery schedule.

## (d) PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY:

The parties hereby stipulate and request that discovery dates in this matter be continued for an additional 90 days as follows:

| | |
|---|---|
| Discovery Cut-Off Date: | Dec 12, 2018 (current date: 09/13/2018) |
| Expert Disclosures: | Oct 14, 2018 (current date: 07/16/2018) |
| Rebuttal Experts: | Nov 13, 2018 (current date: 08/15/2018) |
| Deadlines to file Dispositive Motions: | Jan. 11, 2019 (current date: 10/15/2018) |
| Pretrial Order Due Date in the absence of no dispositive motions | Feb 11, 2019 (current date: 11/14/2018) |
| Interim Status Report (LR 26-3): | Oct 14, 2018 (current date: 07/16/2018) |

*If dispositive motions are filed, the Pretrial Order is due 30 Days from the decision on the dispositive motions:

| | |
|---|---|
| DATED: June 25, 2018 | DATED: June 25, 2018 |
| LADAH LAW FIRM | DENNETT WINSPEAR, LLP |
| /s/ Joseph C. Chu | /s/ Matthew J. Wagner |
| RAMZY PAUL LADAH<br>Nevada Bar No. 11405<br>JOSEPH CHU<br>Nevada Bar No. 11082<br>517 S. Third Street<br>Las Vegas, NV 89101<br>*Attorneys for Plaintiff, Roxanna Valle* | MATTHEW J. WAGNER<br>Nevada Bar No. 011311<br>3301 N. Buffalo Drive, Suite 195<br>Las Vegas, Nevada 89129<br>*Attorneys for Defendant, Home Depot U.S.A., Inc.* |

**ORDER**

IT IS SO ORDERED.

DATED: 6-26-2018

_____
U.S. MAGISTRATE JUDGE

4